UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                  Case No. 07-CR-119

BEE XIONG, NENG YANG VANG,
and YAWNG HOAA WU,

    Defendants.

---

## ORDER DESIGNATING THIS CASE COMPLEX

---

    On May 15, 2007, a grand jury sitting in the Eastern District of Wisconsin returned an eight-count indictment naming Bee Xiong, Neng Yang Vang, and Yawng Hoaa Wu as defendants. At the time of the defendants' arraignment this case was not designated as a complex case, and thus, this court issued a scheduling order to govern the filing of pretrial motions in this action. However, at the defendants' arraignment, the government raised concerns regarding the complexity of this case and the potential for a large amount of discovery. On May 29, 2007, the government filed a letter in which it requests that this court declare this case to be complex and suspend the Speedy Trial time limits pursuant to 18 U.S.C. 3161(h)(8)(A).

    In its letter, the government indicates that all defense counsel agree with the government's request to have this case designated as complex. In support of its request, the government asserts that "although the government has provided all of the discovery materials initially in its possession, it has continued to receive additional materials and expects to receive even more materials from financial institutions around the country, which materials relate directly to, and are evidence of, the charges

contained in the indictment." (Gov't Ltr.) The government further asserts that because of the volume of the new materials, it does not appear that defense counsel will be in a position to reasonably assess the information they contain so as to make motions decisions by the current pretrial motion deadlines.

Simply put, in light of the foregoing, I am satisfied that this case is so complex due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by 18 U.S.C. § 3161. I am persuaded that, were this court not to grant a continuance of the time limits of 18 U.S.C. § 3161(c)(1), such would unreasonably deny counsel for the defendants and the attorneys for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, all pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) and (iv). Accordingly, pursuant to 18 U.S.C. § 3161(h)(8)(A), a continuance of the time limits found in 18 U.S.C. § 3161(c)(1) is hereby granted on the grounds that the ends of justice served by taking such action outweigh the best interests of the public and the defendants in a speedy trial.

The court will schedule a status conference in order to gather information relevant to the pretrial processing of this case and will at that time set a new scheduling order to govern the pretrial processing of this action.

**SO ORDERED** this 30th day of May 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge