# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    Plaintiff,

v.                        Case No. 07-CR-119

**BEE XIONG, YAWNG HOAA WU**
**and NENG YANG VANG**
    Defendants

## DECISION AND ORDER

On February 29, 2008, I sentenced defendant Bee Xiong to time served (9 months) and defendant Yawng Hoaa Wu to 18 months in prison on their guilty pleas to bank fraud. On the agreement of the parties, I deferred the restitution determination for 90 days pursuant to 18 U.S.C. § 3664(d)(5).[1] On March 14, 2008, I sentenced the third defendant in this case, Neng Yang Vang, to 77 months, and likewise deferred his restitution determination for 90 days.

On May 29, 2008, the 90th day after Xiong and Wu's sentencing, the government filed proposed restitution charts for all three defendants. I afforded counsel requested time to confer to attempt to resolve the issue, and the parties now agree on the appropriate figures as to Xiong and Wu, and that the court may accordingly amend the judgments previously entered to include restitution.

---

[1] Section 3664(d)(5) provides: "If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief."

**I.**

I must first determine the appropriateness of entering an order as to Xiong and Wu at this time, as more than 90 days have passed since their sentencing. In United States v. Farr, 419 F.3d 621, 625 (7th Cir. 2005), the court of appeals reversed a restitution order entered three years after sentencing, holding that "§ 3664(d)(5) sets forth an unambiguous requirement that courts ordering restitution as a condition of supervised release do so within ninety days of sentencing." However, the Farr court did not hold that the 90 day limit was jurisdictional.[2] Rather, the court suggested that "the time limits within § 3664(d)(5) 'can sometimes be bent.'" Id. at 626 n.3 (quoting United States v. Pawlinski, 374 F.3d 536, 539 (7th Cir. 2004)); see also United States v. Grimes, 173 F.3d 634, 640 (7th Cir. 1999) (allowing the 90 day period to be re-started). The Farr court specifically noted that the time limit may be subject to equitable tolling. Id. (citing United States v. Terlingo, 327 F.3d 216, 219-22 (3d Cir. 2003)).

This case provides a good example of the appropriateness of equitable tolling. The doctrine of equitable tolling operates to excuse a party from a non-jurisdictional filing deadline where, despite due diligence, the party is unable to file within the required time. See generally Yuan Gao v. Mukasey, 519 F.3d 376, 377 (7th Cir. 2008). The government has demonstrated its due diligence and good faith in presenting restitution figures in this case.

As the parties were aware at the time of sentencing, the probation office had difficulty in obtaining restitution numbers from the many financial institutions defrauded as part of this scheme, as well as in apportioning the restitution between three defendants who joined the scheme at different times. In order to make a fair restitution proposal, the government

---

[2]In United States v. Moreland, 509 F.3d 1201, 1224 (9th Cir. 2007), the Ninth Circuit recently surveyed the law in this area, holding that the 90 day limit was not jurisdictional, a conclusion that put the court "in sync with the First, Second, Fourth, Sixth, and Seventh Circuits, which have held that § 3664's requirements are not jurisdictional."

reviewed all of the pertinent documents gathered during the course of the investigation and contacted each defrauded institution to confirm the numbers found in those documents. The government then attempted to separate the amounts for which each defendant might fairly be held accountable, based upon the evidence of his participation in the scheme. The government declined to assert that each defendant should be held jointly and severally liable for the entire loss caused by the scheme, which could have substantially shortened the process.

On May 27, 2008, the government e-mailed to counsel for Wu and Xiong a preliminary chart apportioning restitution to each and asking counsel to advise whether they had any objections. On May 28, the government e-mailed an updated chart, which was complete except for final confirmation from one bank, and informed counsel that this was the chart that it intended to submit to the court on May 29, after it received confirmation from the bank's representative. Counsel for Xiong advised the government that he had reviewed both charts and would discuss the final numbers with his client. On May 29, the government filed its proposal with the court. On May 30, Xiong's counsel filed a letter with the court indicating that Xiong had no objection to the proposed restitution numbers. Counsel for Wu filed a letter with the court on May 30, indicating that he, too, needed time to discuss the matter with his client. Upon further review and consultation with the government, Wu has now agreed to a restitution amount.

The facts of this case show that the government notified the parties of its restitution proposal prior to the expiration of the 90 day period and submitted the proposal to the court on the 90th day. Defendants allege no prejudice from this timing, and none is apparent from the record. Therefore, I find that based on the complexity of the restitution calculations and the

government's good faith effort to compose a fair restitution proposal for each defendant, the 90 day time period should be equitably tolled as to Wu and Xiong.[3]

**II.**

**THEREFORE, IT IS ORDERED** that an amended judgment issue for defendant Xiong, containing the restitution figures set forth in the government's May 29, 2008 submission. (R. 69-2.) Defendant Xiong may receive credit towards restitution for any funds seized from him at the time of his arrest, to the extent that such funds have not been administratively forfeited and are otherwise available to be applied to restitution.

**IT IS FURTHER ORDERED** that an amended judgment issue for defendant Wu, containing the restitution figures set forth in the government's June 4, 2008 submission. (R. 73-2.)

**FINALLY, IT IS ORDERED** that the government file a final restitution chart for defendant Vang on or before June 9, 2008. To the extent that the parties have not reached agreement by June 9, counsel for defendant Vang is directed to notify the court of his specific objections before the end of business on June 10, 2008. This will permit the court to address any disputes and enter an amended judgment before the expiration of the 90-day period applicable to Vang.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[3]The 90 day period has not yet run as to Vang.